Judge Underwood,
delivered the opinion of the court.
Kennfdy and Holloway obtained and placed in the Sheriffs hands executions against Hume. Holloway’s was oldest and first levied. Kennedy’s was levied on tile same goods and chatties upon which Holloway’s had been. Two days after the levy in his favor, Holloway died. Administration wasgrant-ed on his effects. His administrators revived the judgment by scire facias and then in their names sued out a venditioni exponas, directed to the sheriff, commanding him to sell the property on which he had levied in the life time of Holloway. The sheriff not knowing how to apply the proceeds of the sale between the executions, an agreed case was made between Kennedy and Holloway’s administrators upon the foregoing facts, and submitted for adjudication. The Circuit court decided that Holloway’s administrators had a right to have their debt first satisfied, to reverse which decision Kennedy prosecutes a writ of error.
By the levy of Holloway’s execution, when he was living, the tille to the property seized vested in the sheriff. In this respect the facts differ from those in the case of Wagner, vs. M’Cay’s Exr. (II Bibb 198.) Can Holloway’s death destroy the sheriff’s title acquired by the levy of his execution? It is clear it could not under the laws of England. If the death of the plaintiffin the. execution after levy terminates the officer’s title to the goods seized, it results from the provisions of our statutes giving the right to re-plevy the debt, and requiring sales to be made on credit. The case of Wagner, vs. M’Cay’s Exr. is an authority to prove that the death of the plaintiff cannot deprive the defendant of those rights secured by statute, and that the defendant mar quash the execution and levy when the levy has been made after the death of the plaintiff. Whether the reasoning upon which that case is founded, would likewise require the quashal of an execution and levy, when the levy has been made in the life time of the plaintiff *322 and the title to the property seized thereby fully and legally vested in the officer may admit of some doubt. According to the case of Wagner, vs. M’Cay’s exr. it seems that the execution was abated by M’Cay’s death, because there remained to be done at the time of the death, some act necessary to perfect the execution of the process. Such an act in that case was found in the fact that there had been no levy. Not so in this case. Here the taking of the replevin bond or selling on credit, is the only act remaining undone which can have the effect of abating the process. Whether the fu fa. can be said to be perfectly executed by the levy alone, or whether a replevin bopd or sale bonds must be taken before such language could be used with propriety, need not bo determined. For if it be conceded that the impossibility of taking valid replevin or sale bonds in the names of the dead, would authorize the defendant in the execution to quash the levy, and to insist on a restoration of the property, (which otherwise might remain in the sheriff’s hands until the cost of keeping equalled its value) we do not perceive how third persons, who are strangers to the execution, can avail themselves of the death of the plaintiff, so as to appropriate to their use property in the sheriff’s hands, which without such death they would not be entitled to. Such persons, we think, have no right to insist on the abatement of the process, or the quashal of the levy. I'Ve do not look upon the levy as.void ab initio, where the plaintiff in the execution dies after the levy. The only consequence resulting from the statutory regulations respecting replevins and sales on credit, is, that the levy in such a case may be rendered voidable. If it so becomes voidable, then we think no one but the defendant, whose property has been taken,can avoid it. if he acquiesces until the original judgment lias been revived in the name of the executor or administrator, there is then a person in being to whom a replevin or sale bond may be legally executed; and when this is made known to the gfficer holding the property, he can proceed in the name, and for the benefit of the new parly to the record, to dispose of the property, the ti tle-to whice was fully vested in him by the levy. Thus the order prescribed by law, for the satisfaction of executions will be obser *323 ved, and the death of the plaintiff will not be permitted, in this case, to bring a pecuniary loss upon his estate. This doctrine cannot operate injuriously to plaintiffs in younger executions. A sheriff is not allowed to make an unreasonable distress, nor should he retain, where the plaintiff in the execution first levied dies, more than would be sufficient to satisfy his execution, all over that should be appropriated, without delay, to the satisfaction of the younger executions.
Heath of plaintiff in an execution after a levy of it will not authorize a stran ger to the execution to iu-sist on a qua-shal of the execution or levy-
Sheriff should not make an unreasonable distress.
Mills, & Brown, for plaintiff; Hanson, for defendants
The judgment of the Circuit courtis affirmed with costs.